

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA *ex rel.*
TINA CALILUNG & JAMIE KELL,

        Plaintiffs/Relators,

v.

ORMAT INDUSTRIES, LTD., *et al.*

        Defendants.

3:14-cv-00325-RCJ-VPC

**MEMORANDUM AND ORDER**

    This discovery dispute concerns whether Tina Calilung and Jamie Kell ("Relators") must produce written disclosure statements they provided to the United States government in compliance with the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), in response to requests for production served by Ormat Industries, Inc. ("Ormat"). Before the court is a joint case management report, filed on December 8, 2015 (#175), and a supplemental joint case management report, filed on December 18, 2015 (#183). The court construes the first report, in which Ormat argues that the disclosure statements are not privileged, as a motion to compel discovery. (*See* #175 at 3–5.) The court has considered the arguments set forth by the parties in the reports and in oral argument, and, for the reasons discussed below, concludes that Ormat is not entitled to discover Relators' disclosure statements at this time.

                              **I.    BACKGROUND**

    Alleging violations of the FCA, Relators commenced the instant *qui tam* action against defendants on February 4, 2013. (#1 at 1–2.) The FCA authorizes *qui tam* relators with knowledge of FCA violations to file civil actions on behalf of themselves and the government. 31 U.S.C. § 3730(b)(1). To provide the government with the opportunity and information "to make a well

reasoned decision on whether it should participate" in the action, *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003) (quoting *United States ex rel. Woodward v. Country View Care Center, Inc.*, 797 F.2d 888, 892 (10th Cir. 1986)), the relator must serve upon the government a copy of the complaint and a "written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2).

Ormat served Relators with requests for production of documents ("RFPs") on October 2, 2015, seeking, among other things, the documents Relators disclosed to the government pursuant to § 3730(b)(2). (#175 at 1–2.) Relators served their responses and objections, along with 132 pages of discovery, on November 11, 2015. (*Id.* at 1.) One month later, on December 11, 2015, Relators produced an additional 119 documents, totaling approximately 63,000 pages, in response to Ormat's RFPs. (#183 at 1.) The production included the documents attached to Relators' § 3730(b)(2) disclosure statements, but not the disclosure statements themselves. *Id.*

On December 14, 2015, the parties appeared before the court to discuss whether Ormat is entitled to discover Relators' disclosure statements. Relators oppose discovery on the grounds that the statements include the mental impressions, conclusions, and legal theories of counsel, which are "inextricably intertwined" with the factual material; as such, the statements are opinion work product. (#175 at 9.) In the alternative, Relators argue that the statements are at least factual work product, which Ormat has not met the requirements for discovering. (*Id.* at 10.) Ormat, on the other hand, argues that the disclosure statements are essential to Ormat's defense, that it cannot obtain the relevant information from any other source, and that it is entitled to discover, at the very least, redacted versions of the statements. (*Id.* at 4–5.)

In the supplemental joint case management report, the parties raise an additional issue for consideration: if Relators' are not required to produce the disclosure statements, must they identify which of the produced documents were attached to the statements? (#183 at 2.) Relators have not done so at present, and contend that the information is also protected attorney work product. (*Id.*)

## II. DISCUSSION

**1. Disclosure Statements**

The FCA does not explicitly address discovery of disclosure statements. *Bagley*, 212 F.R.D. at 558. There is little debate, however, that statements prepared pursuant to 31 U.S.C. § 3730(b)(2) are done so "in anticipation of litigation," and therefore may be protected by the work product doctrine. Fed. R. Civ. P. 26(b)(3); *United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. 04-186 Erie, 2007 WL 1576406, at *2 (W.D. Penn. May 31, 2007); *Bagley*, 212 F.R.D. at 559.

The work product doctrine, codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, generally prohibits the discovery of materials prepared by an attorney or his or her client in anticipation of litigation or for use at trial. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947). Rule 26(b)(3) encompasses two types of work product, which are afforded different levels of protection. *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008); *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013). Opinion work product consists of counsel's mental impressions, conclusions, or legal theories, and, absent a waiver, receives "nearly absolute protection." *Bagley*, 212 F.R.D. at 559. In contrast, the remaining factual material that forms the basis for a lawsuit enjoys only qualified immunity. An opposing party may discover fact work product by showing that "it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A); *United States ex rel. Hunt v. Merk-Medco Managed Care, LLC*, No. 00–CV–737., 2004 WL 868271, *1 (E.D. Pa. Apr. 21, 2004).

Federal courts disagree as to whether disclosure statements are entirely fact work product, entirely opinion work product, or a combination of the two. As explained in *Bagley*, "the inconsistency in the reported decisions finds a parallel in the practices of relators' counsel, who invest different levels of effort in preparing disclosure statements." 212 F.R.D. at 556. In *United States ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594, the district court described a disclosure statement as "simply a recitation of factual information," and devoid of the mental impressions, opinions, or conclusions of counsel. *See also United States ex rel. Stone v. Rockwell*

*Intern. Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992) ("Where, as here, the work product in question merely consists of a document reciting factual information provided by the client, the necessity for protection from discovery is weak, at best."). Like many other courts to review the issue during the 1990s, *Burns* held that the disclosure statement was not protected work product. *Id.* at 594–95 (citing *Stone*, 144 F.R.D. 396; *Grand ex rel. United States v. Northrop Corp.*, 811 F. Supp. 333 (S.D. Ohio 1992); *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830 (N.D. Ill. 1993)).

In contrast, a 2003 decision from the U.S. District Court for the Central District of California classified a disclosure statement as entirely opinion work product, and ruled it undiscoverable under the work product doctrine. *Bagley*, 212 F.R.D. at 565. The *Bagley* court reasoned that the statutory requirement to disclose substantially all "material" information in relators' possession required the relator and counsel to "engage in a process of selecting and winnowing from the totality of information . . . . Therefore, the factual narratives in the disclosure statements reveal 'the mental impressions, conclusions, opinions, or legal theories' of the relator and his or her counsel." *Id.* at 564 (quoting Fed. R. Civ. P. 26(b)(3)(B)). Further, *Bagley* found that a bright line rule to protect disclosure statements would further the purposes of § 3730(b)(2), emboldening relators to disclose all information "that might help the government in evaluating the case." *Id.* at 565.

In subsequent decisions, courts have hesitated to adopt *Bagley*'s broad interpretation of opinion work product, but have readily found that disclosure statements are more than a mere recitation of facts. In so doing, the majority of courts have taken one of two approaches: (1) following an *in camera* review, order that the disclosure statement be produced with the opinion work product redacted, *see, e.g., United States ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378, 384 (N.D. Ill. 2005); or (2) assume the disclosure statement contains at least fact work product, and deny discovery if the defendant fails to show a substantial need or undue hardship, *see, e.g., United States ex rel. Homeward Residential, Inc.*, No. 4:12-cv-461, 2015 WL 4610284, at *3

(E.D. Tex. July 31, 2015); *United States ex rel. Minge v. TECT Aerospace, Inc.*, No. 07-1212-MLB, 2011 WL 1885934, at *6 (D. Kan. May 18, 2011); *Hunt*, 2004 WL 868271, at * 2.

Under the circumstances at bar, the court adopts the second of these approaches. Because Ormat has not shown it is entitled to discover even fact work product, the court need not characterize Relator's disclosure statements or review them *in camera*.

Ormat insists that the disclosure statements are essential to its "original source" jurisdictional defense. (#175 at 4.) Under the FCA, a *qui tam* action may only move forward if the relator is the original source of the information upon which the allegations are based. 31 U.S.C. § 3730(e)(4)(A). A relator is an original source if (1) he or she has direct and independent knowledge of the information, and (2) he or she voluntarily provided that information to the government before filing the action. *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015). Without the disclosure statements, Ormat posits that it "has no way of knowing" what information Relators knew when they left the company, what information they disclosed to the government, or whether the information was disclosed at the appropriate time. (#175 at 5.) Accordingly, Ormat has a "substantial need" for the statements, and there no other means of obtaining the information will suffice. (*Id.*)

Indeed, some courts have found the original source defense to constitute a substantial need. *See Bannon v. Edgewater Med. Ctr.*, No. 00 C 7036, 2005 WL 6783450, at *1 (N.D. Ill. Apr. 15, 2005); *United States ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 22071484, at *3 (N.D. Ill. Sept. 4, 2003); *Stone*, 144 F.R.D. at 401; *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1346 (E.D. Mo. 1996). Others, however, have found the defense insufficient to carry a defendant's burden. *See United States ex rel. Carter v. Halliburton*, 266 F.R.D. 130, 134 (E.D. Va. 2010) (where defendant had the opportunity to question relator regarding the source of his knowledge during a deposition, the magistrate judge's reliance on the original source argument to show defendant's "substantial need" was "clear error"); *Homeward Residential*, 2015 WL 4610284, at *2–*3; *Hunt*, 2004 WL 868271, at *2. At the hearing, Relators warned that allowing Ormat's defense to fulfill the "substantial need" requirement risks turning the

exception to the work product doctrine into the rule. The court is inclined to agree. If the defendant to an FCA claim could obtain a relator's disclosure statement merely by asserting a certain defense, the court sees no way around the catch-22 warned of in *Bagley*:

> In one sense it is in the relator's selfish best interest to make his or her disclosure statement as complete, well-organized, and persuasive as possible. Otherwise, the relator runs the risk that the government may decline to intervene (in which case the expense and burden of prosecuting the action alone may be prohibitive for the relator), or that the government may move to dismiss the action on one of the grounds enumerated in the statute. . . . On the other hand, it also is in the relator's selfish best interest to avoid full and candid discussion of the strengths or weaknesses of his or her claims in a disclosure statement if there is a risk that it may have to be turned over to the defendant.

212 F.R.D. at 557–58.

Irrespective of whether Ormat has shown a substantial need, it has failed to demonstrate that other means of discovery are inadequate. Unlike in *Stone*, trial is still more than a year away, providing Ormat with "ample opportunity over the course of the next several months to discover, with specificity, the facts and individuals most important to [its] case." *Compare Hunt*, 2004 WL 868271, at *2, *with Stone*, 144 F.R.D. at 401–02 (finding substantial need and undue hardship where trial was just three months away, making it "imperative that the defendant be made aware of the facts supporting the plaintiff's position as quickly as possible"). Critically, Ormat has yet to depose Relators. (#175 at 10.) Whether Relators were the original source of the information and allegations contained in their complaint "can easily be explored" through those depositions. *Hunt*, 2004 WL 868271, at *2; *see also United States ex rel. McArtor v. Rolls-Royce Corp.*, No. 1:08–cv–0133–WTL–DML, 2011 WL 5178361, at * 6 (S.D. Ind. Oct. 31, 2011) ("There are ways to probe the nature and extent of [relator's] 'direct and independent' knowledge without access to work product. He could produce documents, answer interrogatories, and be deposed."). The court therefore concludes that "[u]ntil the depositions are taken and other factual discovery is completed," Ormat is unable to establish that it "cannot obtain the substantial equivalent of the Disclosure Statements without undue hardship." *Singh*, 2007 WL 1576406, at *3.

2. **Attachments to Disclosure Statements**

On December 18, 2015, Ormat and Relators met and conferred on whether Relators will inform Ormat which of the 119 produced documents were attached to each of Relators' disclosure statements. (#183 at 2.) Relators maintain that the information is protected by the work product doctrine; Ormat disagrees. (*Id.*)

At first blush, the court observes that the culling of certain documents to attach to the disclosure statements—like the selection of facts discussed therein—was done in anticipation of litigation, and likely reflects some analysis and strategizing by Relators' counsel. As the parties have not briefed either the applicability of the work product doctrine or Ormat's need for such information, however, the court declines to rule at present. Rather, the court requests that the parties provide supplemental briefing on the issue.

### III.   CONCLUSION

Having determined that Ormat has failed to make the showing required to discover attorney work product, the court hereby **DENIES** Ormat's motion to compel discovery of Relators' disclosure statements (#175).

Further, by **Friday, January 15,** 2016, the parties **SHALL FILE** supplemental briefing of no more than five (5) pages that discusses whether the identity of the documents attached to Relators' disclosure statements are protected by the work product doctrine under applicable precedent.

**IT IS SO ORDERED.**

DATED: December 23, 2015

UNITED STATES MAGISTRATE JUDGE